NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD WILLIAMS, | No. 23-55506 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-05640-CJC-JC |
| v. | |
| CITY OF LOS ANGELES, official and individual capacities; DEPARTMENT OF FIRE AND POLICE PENSION, COMMISSIONERS, official capacity; ERIC GARCETTI, official capacity and individual capacity; MIKE FEUER, official capacity and individual capacity; RAYMOND CIRANNA, official capacity and individual capacity; LISA BUROG, official capacity and individual capacity; KEVIN DAVIS, official capacity and individual capacity, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ronald Williams appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising from his employment with the City of Los Angeles. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (dismissal under Fed. R. Civ. P. 12(b)(1) and (6)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Williams's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because Williams's claims are a "de facto appeal" of a prior state court judgment or are "inextricably intertwined" with that judgment. *Id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that claims are "inextricably intertwined" with state court decisions where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**

2                                                          23-55506